NO. 07-10-0230-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL B
 
--------------------------------------------------------------------------------
JUNE 28, 2010
--------------------------------------------------------------------------------

 
 DAVID EUGENE HAMILTON, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;
 
 NO. 11,394; HONORABLE DAN MIKE BIRD, JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 ORDER OF ABATEMENT AND REMAND

Appellant, David Eugene Hamilton, appeals his conviction and sentence. The clerk's record has not been filed but as required by Rule of Appellate Procedure 25.2(e) the clerk of the trial court has forwarded a copy of appellant's notice of appeal and certification of right of appeal to the clerk of this court. The certification form, although signed by the judge of the trial court on June 17, 2010, was not signed by appellant or his counsel. 
Effective September 1, 2007, Rule of Appellate Procedure 25.2(d) was amended to require certifications executed after the effective date to be signed by the appellant and a copy served on him. Tex. R. App. P. 25.2(d); Mason v. State, No. 07-07-0383-CR, 2008 Tex. App. Lexis 3956 (Tex.App.Amarillo May 29, 2008) (per curiam order, not designated for publication). Consequently, we abate the appeal and remand the cause to the 46th District Court of Wilbarger County for further proceedings. On remand, the trial court shall utilize whatever means it finds necessary to secure and file with this court a certificate of right to appeal that complies with Rule 25.2(d). Tex. R. App. P. 25.2(d).
If necessary, the trial court shall execute findings of fact, conclusions of law, and any necessary orders it may enter regarding the aforementioned issues and cause its findings, conclusions, and orders, if any, to be included in a supplemental clerk's record. Any hearing of the matter shall be stenographically recorded and the transcription included in a supplemental reporter's record. The trial court shall file the supplemental clerk's record and the supplemental reporter's record, if any, with the clerk of this court by July 26, 2010.
It is so ordered.
Per Curiam
Do not publish.